TüRley, J.
delivered the opinion of the court.
This was a prosecution on behalf of the State against Andrew Fleming’and Alfred G. Cosby, for retailing spirituous liquors contrary to the provisions of the act of 1S38, chap. 120. Pending the prosecution and before conviction the legislature passed the act of 1846, ch. 90, by which under certain restrictions it became lawful to retail spirituous and other liquors. At the same session and subsequent to the passage of the act, it was resolved that “no fine, forfeiture or imprisonment should be imposed or recovered for the offence of tippling under the act of 1837, and that all causes pending in any of the courts for such offence should be dismissed.” Subsequent to the passage of this statute and resolution, but before their promulgation, the defendants were tried and convicted of the offence with which they were charged in the Circuit Court of Rutherford and fined; before the judgments were executed the defen - dants, by petition, superseded them upon the ground that the resolution of 1846, freed and discharged them from all responsibility for the offence for which they were indicted, and asked that judgments against them might be vacated. This the Circuit Judge upon hearing the petition directed to be done. From which the Attorney General appeals to this court. The question presented for our consideration is whether the resolution of the legislature passed in 1846, is a constitutional exercise of power. And we think it is not. The passage of the act of 1846, authorizing under restrictions the sale of spirituous and others liquors, did not upon any principle operate so as to discharge persons guilty of retailing under the act of 1838, but they were left liable to punishment under the provisions of the act, and the question reduced to simplicity, is this, can the legislature by resolution direct that an individual who stands charged with crime in the court of justice be discharged therefrom. The mere statement of the question it seems to us answers it necessarily in the negative.
The powers of the State of Tennesse are vested in legislative, executive and judicial departments, each seperate and distinct from the other, with their power and duties well defined *154 by the constitution, and by which, each is kept within its appropriate sphere of action. The legislature can make the law but the courts must expound it and execute it, with the aid of the executive, when his action may become necessary for that purpose. The legislature has no power to interfere with the administration of justice either criminal or civil in the courts; a resolution that a criminal or class of criminals shall be discharged by the court, is then necessarily an assumption of power not warranted. After conviction the Governor may pardon, but before conviction the Attorney General and the court are the only power that can discharge without acquital, and this by nolle prosequi.
We are therefore constrained to hold, that the resolution under which these defendants claimed their discharge, is void for want of power in the legislature to pass it. The case is not similar to that of the School Commissioners against McEwen, 5th Hum., in which we held that the legislature might release, by resolution, a debt due to the State; which we have again held at this term of the court in the case of Pepper vs. The State. If the legislature had passed a resolution releasing the funds due to the State by judgment after conviction, in the cases sought to be provided for, instead of directing that they should be discharged, it would have fallen with the principles of the cases referred to, and would have been a constitutional exercise of power, which would be enforced by the courts.
For these reasons we think that the judgment of the Circuit Court superseding, and vacating the previous judgment in this case erroneous and reverse the same.